**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                  CASE NO:

MILITANT SECURITY, LLC,
SHANNON JONES as Parent
and Natural Guardian of AS, a minor.

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against MILITANT SECURITY, LLC ("Militant Security") and SHANNON JONES as Parent and Natural Guardian of AS, a minor ("Jones"), and alleges:

**NATURE OF ACTION**

1.    This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a shooting under an insurance policy that includes an Absolute Firearms Exclusion and an Assault and Battery Exclusion.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.     Venue is proper in this district because the shooting took place in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2).

4.     All conditions precedent occurred, were performed, or were waived.

## THE PARTIES

5.     Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Militant Security.

6.     Militant Security is a Florida limited liability company. Militant Security's member, Derrus Simmons, is domiciled in Leon County, Florida. Militant Security is accordingly a citizen of Florida.

7.     Jones is domiciled in Leon County, Florida. Jones is accordingly a citizen of Florida.

## THE SHOOTING

8.     On 11/21/2025, Aiden Sanders-Jones ("AS") was shot at Park at Bristol Apartments, the apartment complex where Militant Security provided security services.

9.      According to the Police Report, Officer Owens responded to the Park at Bristol Apartments, located at 2833 South Adams Street, Tallahassee, Florida, in "reference to multiple reports of shots heard." (*See* Police Report, which is attached as Exhibit "A.")

10.     The Police Report lists numerous victims, including AS, and advises that the perpetrators allegedly committed three counts of homicide, one count of aggravated assault by shooting "into [a] dwelling, vehicle, building or aircraft," and one count of criminal mischief. (*See Id.*)

11.     As a result of the shooting, on 03/05/2026, Jones filed suit against Militant Security in the circuit court of Leon County, Florida, in a lawsuit styled *Shannon Jones as Parent and Natural Guardian of AS, a minor v. College Club Property Holdings LLC, et al.*, Case Number 2026-CA-000487. (*See* Complaint, which is attached as Exhibit "B.")

12.     According to the complaint, Militant Security was the on-site security guard company for Park at Bristol Apartments. (*Id*. at ¶9.)

13.     Jones blames Militant Security for not protecting AS from the "criminal trespassers who attacked him." (*Id*. at ¶15.)

14.     Jones goes on to allege that the "criminal attack" of AS was reasonably foreseeable based on previous "assaults, batteries, armed robberies, shootings and burglaries" that occurred at Park at Bristol Apartments. (*Id*. at ¶¶54-55.)

15.    According to the complaint, Militant Security breached the duty it owed by negligently failing to provide security, failing to warn residents of potential dangers, and failing to hire or retain security personnel. (*Id.* at ¶57.)

16.    Militant Security's negligence allegedly "directly lead to [AS's] criminal attack" and his resulting "bodily injuries." (*Id.* at ¶¶61-63.)

## THE KINSALE POLICY

17.    Militant Security applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100356599-0, effective from 03/05/2025 to 03/05/2026 (the "Policy"). (*See* Policy, which is attached as Exhibit "C.")

18.    Before the Policy was issued and delivered to Militant Security, all forms and endorsements were disclosed to Militant Security in a Quote. (See Quote, which is attached as Exhibit "E.")

19.    Before the Policy was issued and delivered to Militant Security, all forms and endorsements were disclosed to Militant Security in a Binder. (*See* Binder, which is attached as Exhibit "D.")

20.    Militant Security accepted all terms and conditions that were proposed in the Quote and the Binder.

21.   Kinsale is currently providing a defense to Militant Security in the Underlying Action subject to a full reservation of rights, including the right to seek a judicial determination regarding coverage obligations.

**COUNT I – NO COVERAGE UNDER**
**THE ABSOLUTE FIREARMS EXCLUSION**

22.   Kinsale incorporates paragraphs 1 through 21.

23.   The Policy includes an endorsement labeled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

**ABSOLUTE EXCLUSION – FIREARMS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
The following exclusion is added to this Policy:
This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or "suit" regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any other sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

(1)    The prevention or suppression, or failure to prevent or suppress, any such act or incident;

(2)    The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any "employee", independent contractor, or any other person or organization;

(3)    Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

(4)    Conducting or failing to conduct an investigation or background check; or

(5)    Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. C at Form CAS3111 1121, Pg. 1/1.)

24.    The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAS3043 0621, Pg. 2/3.)

25.    Militant Security was sued over AS's shooting at the Park at Bristol Apartments, where Militant Security provided security services. Specifically, AS was "attacked" by criminal trespassers while on the premises. (Ex. B at ¶¶14, 56.)

26.    Accordingly, Kinsale has no duty to defend or pay damages under the Absolute Firearms Exclusion.

<u>**COUNT II – NO COVERAGE UNDER THE ASSAULT AND BATTERY EXCLUSION**</u>

27.    Kinsale incorporates paragraphs 1 through 21.

28.    The Policy includes an endorsement labeled "EXCLUSION –

ASSAULT, AND BATTERY" ("Assault and Battery Exclusion") that provides:

**EXCLUSION - ASSAULT AND BATTERY**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1.    The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2.    The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3.    The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4.    Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5.    The reporting or failing to report to the proper authorities;

6.    Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7.    Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8.    Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9.    The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(*See* Ex. C at Form CAS3002 1016, Pg. 1/1.)

29.     The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAS3043 0621, Pg. 2/3.)

30.     Militant Security was sued over AS's shooting at the Park at Bristol Apartments, where Militant Security provided security services. Specifically, AS was "attacked" by criminal trespassers while on the premises. (Ex. B at ¶¶14, 56.)

31.     Accordingly, Kinsale has no duty to defend or pay damages under the Assault and Battery Exclusion.

### RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a)     Take jurisdiction and adjudicate the rights of the parties under the policies.

b)     Declare the following:

   i.     Kinsale has no duty to defend or indemnify Militant Security under the Policy's Absolute Firearms Exclusion;

   ii.     Kinsale has no duty to defend or indemnify Militant Security under the Policy's Assault and Battery Exclusion;

   iii.     Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Militant Security because there is no coverage under the policy.

c)     Award Kinsale all costs to prosecute this action.

d)      Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646