**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v.

MILITANT SECURITY, LLC, and
SHANNON JONES, as Parent and
Natural Guardian of AS, a minor,

Defendants.

**CASE NO. 4:26-cv-00294-RH-MAF**

**MILITANT SECURITY, LLC'S PARTIAL MOTION TO DISMISS OR STAY AND MOTION TO STRIKE**

Defendant Militant Security, LLC ("Militant"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), moves for an order (1) dismissing without prejudice the portions of Counts I and II that seek a declaration that Plaintiff Kinsale Insurance Company ("Kinsale") has no duty to indemnify Militant or, in the alternative, staying those requests until the underlying liability action is resolved; and (2) dismissing or striking paragraph b(iii) of Kinsale's prayer for relief, which seeks reimbursement of attorneys' fees and expenses incurred in defending Militant. Militant does not ask the Court through this motion to decide Kinsale's duty to defend. In support, Militant states:

# I. INTRODUCTION

This motion presents two threshold issues that can be resolved without deciding whether the Policy's firearms or assault-and-battery exclusions eliminate Kinsale's duty to defend. First, Kinsale asks the Court to declare that it has no duty to indemnify Militant while the underlying tort action remains pending and Militant's liability has not been established. The indemnity requests are therefore premature. They should be dismissed without prejudice or, at minimum, stayed until the underlying action fixes the facts and liability on which indemnity depends.

Second, Kinsale's request for repayment of defense costs appears only in the prayer for relief. Kinsale pleads no reimbursement count, identifies no Policy provision authorizing recoupment, and alleges no facts showing an express and timely reservation of a right to reimbursement that Militant accepted. Paragraph 21 alleges only a reservation "including the right to seek a judicial determination regarding coverage obligations." Compl. ¶ 21, ECF No. 1. That allegation may preserve Kinsale's ability to litigate coverage, but it does not plead a contractual or extra-contractual right to make Militant repay the defense costs Kinsale elected to incur.

The requested relief is narrow. The Court need not decide the merits of either exclusion to defer the contingent indemnity questions and remove the unsupported

reimbursement demand. The remaining duty-to-defend dispute can proceed in the ordinary course after Militant answers the portions of the Complaint that remain.

## II. RELEVANT BACKGROUND

Kinsale alleges that, on November 21, 2025, AS was shot at the Park at Bristol Apartments, where Militant provided security services. Compl. ¶ 8. On March 5, 2026, Shannon Jones, as parent and natural guardian of AS, filed a state-court action against Militant and others in Leon County Circuit Court, captioned *Shannon Jones as Parent and Natural Guardian of AS, a minor v. College Club Property Holdings LLC, et al.*, Case No. 2026-CA-000487 (the "Underlying Action"). Compl. ¶ 11.

According to Kinsale's summary of the Underlying Action, Jones alleges that Militant was the apartment complex's on-site security company and failed to protect AS from "criminal trespassers who attacked him." Compl. ¶¶ 12-13. Jones further alleges that the attack was foreseeable because of prior assaults, batteries, armed robberies, shootings, and burglaries at the apartment complex. Compl. ¶ 14. The asserted negligence includes alleged failures to provide security, warn residents, and hire or retain security personnel. Compl. ¶¶ 15-16.

Kinsale alleges that it issued Militant commercial general liability Policy No. 0100356599-0 for the period March 5, 2025 through March 5, 2026. Compl. ¶ 17. Counts I and II seek declarations that the Policy's Absolute Firearms Exclusion and Assault and Battery Exclusion, respectively, eliminate any duty to defend or

indemnify Militant in the Underlying Action. Compl. ¶¶ 22-31; Prayer for Relief ¶¶ b(i)-b(ii).

Kinsale is currently defending Militant in the Underlying Action under what the Complaint calls a "full reservation of rights, including the right to seek a judicial determination regarding coverage obligations." Compl. ¶ 21. The Complaint does not allege that the Underlying Action has been tried, settled, or otherwise resolved, that any judgment has been entered against Militant, or that Militant has incurred any covered liability.

Although Kinsale labels this suit an action "for damages and declaratory relief," Compl. ¶ 1, it pleads only two counts, both seeking declaratory relief. Its demand that Militant reimburse Kinsale's defense fees and expenses appears only in paragraph b(iii) of the prayer for relief. The Complaint does not identify a Policy term requiring reimbursement or otherwise plead the elements of a claim for recoupment.

## III. ARGUMENT

### A. Kinsale's Duty-to-Indemnify Requests Are Unripe and Should Be Dismissed Without Prejudice or Stayed.

This is a facial challenge under Rule 12(b)(1). A facial challenge asks whether the Complaint itself establishes subject-matter jurisdiction, and the Court accepts the well-pleaded factual allegations as true for that limited purpose. *McElmurray v.*

*Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Ripeness presents a threshold jurisdictional question and prevents a federal court from deciding a dispute that depends on contingent events that may never occur. *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589-91 (11th Cir. 1997). Militant therefore accepts Kinsale's factual allegations for this motion but disputes that those allegations create a present controversy concerning indemnification.

Florida law treats the duty to defend and the duty to indemnify as distinct questions governed by different records. The duty to defend ordinarily turns on the allegations; the duty to indemnify turns on the facts actually established. In *Colony Insurance Co. v. Barnes*, this Court explained that "[t]he duty to indemnify, unlike the duty to defend, turns on the actual facts, not the facts as alleged in the complaint." 410 F. Supp. 2d 1137, 1143 (N.D. Fla. 2005) (Hinkle, J.). Consistent with that distinction, indemnity ordinarily does not become ripe until the underlying claims end in a judgment, settlement, or other final resolution. *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014).

The Eleventh Circuit applied that rule in circumstances closely paralleling this case in *Mid-Continent Casualty Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768 (11th Cir. 2019). There, the insurer was already defending its insured in a pending state action but sought a federal declaration that it owed no duty to indemnify. *Id.* at 769-70. The Eleventh Circuit affirmed dismissal without

prejudice because the indemnity question was not ripe until the underlying action was resolved. *Id.* at 770-71. The underlying liability, and thus the need for indemnity, "might never arise." *Id.* at 770 (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). A federal court does not sit to decide questions that "may readily be imagined, but may never in fact come to pass." *Am. Fidelity*, 280 F.2d at 461.

The same sequencing is required here. Kinsale is defending Militant, the Underlying Action remains pending, and no judgment or settlement has fixed Militant's liability. Compl. ¶¶ 11, 21. Militant may prevail, in which event Kinsale's indemnity requests will disappear. If Militant is held liable, the facts established and the basis of any judgment or settlement will define the indemnity question. Deciding that question now would replace those actual facts with assumptions about an unresolved tort action.

The Northern District of Florida follows the same course. In *Fidelity National Property & Casualty Co. v. Boardwalk Condominium Ass'n*, the court held that indemnity was not ripe until liability was determined and denied the insurer's request without prejudice to renewal after the underlying action. No. 3:07-cv-278-MCR-EMT, 2010 WL 1911159, at *7 (N.D. Fla. May 12, 2010). And *Colony* confirms why: even after resolving the duty to defend, the Court deferred indemnity because the actual facts remained to be determined. 410 F. Supp. 2d at 1143.

Kinsale may invoke the exception sometimes applied when the allegations "could under no circumstances lead to a result which would trigger the duty to indemnify." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). But *Mid-Continent* considered that precise argument and held that the exception neither bound the Eleventh Circuit nor compelled a district court to decide indemnity early. 766 F. App'x at 771. The exception is permissive: even when it arguably applies, a court "could" decide indemnity, but need not do so. *Id.*

More fundamentally, the exception does not permit Kinsale to assume the merits of its unresolved duty-to-defend claims and use that assumption to make indemnity ripe. Courts generally apply the exception after determining that the insurer has no duty to defend, because the narrower duty to indemnify then necessarily fails as well. *See id.* at 771-72 (distinguishing cases that resolved indemnity based on a prior no-duty-to-defend determination). No such determination exists here. Whether either exclusion eliminates the duty to defend remains disputed and is not presented by Militant's motion. The orderly course is to resolve the ripe defense issue first and address indemnity only if that ruling or the outcome of the Underlying Action makes indemnity ripe.

Dismissal without prejudice is therefore appropriate. *Mid-Continent*, 766 F. App'x at 770-71. If the Court prefers to preserve the existing case for efficiency, it should alternatively stay the indemnity portions of Counts I and II until the

Underlying Action is resolved, subject to an earlier motion to lift the stay if a ruling on the duty to defend eliminates any possible indemnity obligation. Either disposition avoids an advisory ruling without delaying adjudication of Kinsale's ripe duty-to-defend requests.

**B. The Complaint Does Not Plead a Basis for Reimbursement of Defense Costs, and Paragraph b(iii) Should Be Dismissed or Stricken**

To survive Rule 12(b)(6), a complaint must allege facts that state a plausible claim for relief; labels and conclusions do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Kinsale's two counts seek declarations concerning the duty to defend and indemnify. Compl. ¶¶ 22-31. The demand for reimbursement appears only in paragraph b(iii) of the prayer for relief. If Kinsale intends that demand to assert a substantive claim, the Complaint must plead facts establishing a legally cognizable right to repayment. It does not.

Florida law recognizes reimbursement of defense costs only in the circumstances defined by *Colony Insurance Co. v. G & E Tires & Service, Inc.*, 777 So. 2d 1034 (Fla. 1st DCA 2000), and its progeny. There, before undertaking the defense, the insurer expressly reserved the right to reimbursement if a court determined that no coverage existed; the insured then accepted the defense on those terms. *Id.* at 1036, 1039. The court treated that acceptance as assent to the condition on which the defense was offered. *Id.* at 1039; *accord Jim Black & Assocs., Inc. v. Transcon. Ins. Co.*, 932 So. 2d 516, 517-18 (Fla. 2d DCA 2006). This District has

applied the same rule: an insurer that expressly reserves reimbursement when it offers a defense may recover after a determination that it never owed a duty to defend, when the insured accepted that defense. *James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1260-62 (N.D. Fla. 2016).

The First District's decision in *Wendy's of Northeast Florida, Inc. v. Vandergriff*, 865 So. 2d 520 (Fla. 1st DCA 2003), supplies the controlling limit. The insurer there undertook the defense while reserving the right to withdraw if no duty to defend existed, but it did not reserve a right to reimbursement. *Id.* at 521-22. Even after the insurer obtained summary judgment that it owed no defense, the court reversed the award of defense costs. *Id.* at 522. Because the insurer had "expressed no such reservation of rights to attorney's fees and costs" when it undertook the defense, *Colony* did not apply; a later unilateral attempt to add reimbursement "has no legal effect." *Id.* Thus, a general reservation concerning coverage or withdrawal is not an express reimbursement condition, and a later no-duty determination does not create one.

The Complaint falls on the *Wendy's* side of that line. It identifies no Policy provision authorizing reimbursement. It alleges no offer of a defense expressly conditioned on repayment, no notice to Militant of such a condition, and no acceptance by Militant of that condition. Instead, paragraph 21 alleges a "full reservation of rights, including the right to seek a judicial determination regarding

coverage obligations." Compl. ¶ 21. Notice that Kinsale intended to litigate its coverage obligations is not notice that Militant might have to repay defense costs. Under *Wendy's*, one cannot substitute for the other.

Nor can the Declaratory Judgment Act supply the missing substantive right. The Act is procedural; it enlarges the range of available remedies but does not create an underlying cause of action. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003). A request in the prayer for relief therefore cannot replace the facts and legal basis required to state a reimbursement claim. The Court should dismiss any putative reimbursement claim under Rule 12(b)(6). If paragraph b(iii) is instead viewed only as a request for a remedy rather than a claim, it should be stricken under Rule 12(f) as immaterial to the two pleaded declaratory counts. Either disposition removes a demand that the Complaint does not support, without requiring the Court to decide the merits of Kinsale's duty-to-defend theories.

## IV. CONCLUSION

Militant respectfully requests that the Court enter an order: (1) dismissing without prejudice, under Rule 12(b)(1), the portions of Counts I and II seeking a declaration that Kinsale owes no duty to indemnify Militant or, alternatively, staying those portions until the Underlying Action is resolved or another ruling makes the indemnity issues ripe; (2) dismissing under Rule 12(b)(6) any putative claim for reimbursement of defense fees and expenses and striking paragraph b(iii) of the

prayer for relief under Rule 12(f), as appropriate; and (3) granting any further relief the Court deems just and proper.

## LOCAL RULE 7.1(D) STATEMENT

Because this motion seeks dismissal of claims or portions of claims and thus would determine their outcome, the attorney-conference and certificate requirements do not apply. N.D. Fla. Loc. R. 7.1(D).

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

This motion and incorporated memorandum of law complies with the word limitation in N.D. Fla. Loc. R. 7.1(F) and contains 2,286 words, excluding the parts exempted by the rule.

**Dated:** September 14, 2026

**RESPECTFULLY SUBMITTED,**

Gendler & Gendler, PLLC
*Attorneys for Defendant*
PO Box 450135
Sunrise, FL 33345
SVarnell@Gendlerlawyers.com
HLora@Gendlerlawyers.com

By: /s/ Stephen K. Varnell

STEPHEN K. VARNELL
Florida Bar No. 1004236
HECTOR LORA
Florida Bar No. 755842
*Counsel for Militant Security, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Stephen K. Varnell