**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO. 4:26cv294-RH-MAF

MILITANT SECURITY, LLC et al.,

Defendants.

_________________________________/

**ORDER DENYING THE MOTION TO DISMISS**

This case presents a recurring pattern. An insurer is defending an insured in an underlying state-court tort action under a reservation of rights. The insurer, Kinsale Insurance Company, now seeks a declaration in this federal action that it has no duty to defend or indemnify the insured, Militant Security, LLC. Kinsale also seeks to recover the attorney's fees it has incurred—and is continuing to incur—to defend the state-court action.

Militant has moved to dismiss two parts of the complaint.

First, Militant acknowledges Kinsale can properly seek a declaration on the duty to defend, but Militant challenges Kinsale's demand for a declaration on the duty to indemnify. Militant says whether Kinsale will have a duty to indemnify—

indeed, whether there will be anything to indemnify—will not be known until the underlying state-court action is resolved. But if, as Kinsale asserts, it has no duty to defend, it also has no duty to indemnify, and a ruling to that effect could be made without awaiting a ruling in the underlying action. The most Militant is entitled to at this time is a delay of any discovery or other proceedings dealing only with the duty to indemnify, not also the duty to defend. *See State Farm Mut. Auto. Ins. Co. v. Hurley*, No. 1:24-cv-138, 2024 WL 6446836 (N.D. Fla. Nov. 18, 2024); *James R. Ins. Co. v. SCI Funeral Servs. of Fla., LLC*, No. 5:25-cv-572, 2026 WL 2606562, at *2 (M.D. Fla. Apr. 15, 2026).

Militant also challenges Kinsale's demand for an award of attorney's fees incurred by Kinsale in defense of the state-court action. Militant says the complaint does not adequately allege that Kinsale reserved its right to recover these fees. But the complaint includes a demand for the fees and alleges nothing inconsistent with the right to recover them. Whether Kinsale properly reserved this right cannot be determined on the motion to dismiss.

IT IS ORDERED:

The motion to dismiss, ECF No. 17, is denied without prejudice to any later motion to stay proceedings or discovery related solely to the duty to indemnify.

SO ORDERED on September 21, 2026.

s/Robert L. Hinkle
United States District Judge